This is an indictment originally found in the county court, and brought hither by appeal. It is therefore entitled to the aid of the act of 1784, ch. 31, sec. 3, which directs that in all criminal prosecutions thereafter to be had by indictment or presentment in the county courts it shall be sufficient to all intents and purposes that the bill shall contain the charge against the criminal, expressed in a plain, simple, intelligible and explicit manner; and that no bill of indictment shall be quashed or judgment arrested for or by reason of any informalities or refinements, where there appears to the county court sufficient in the face of the indictment to induce them to proceed to judgment. The first fault pointed at is certainly cured by this act — the meaning, though expressed in figures, is as well known to the Court as if it had been expressed by letters, though perhaps an indictment drawn in this Court originally might have been vitiated by stating the day in figures. As to the second exception, had the indictment been originally found in this Court, the omitting to charge it to have been taken extorsively would have been (408) fatal, the precedents all being that way; but having been drawn in the county court, we have only to consider whether enough appears upon the fact of the indictment to point decidedly and substantially at the same circumstances as is expressed by the word extorsively. *Page 322 
It is stated that he took 8 shillings for a certain service by color of his office, and for wicked gain sake. Now, it is known to the judges here, as being part of a public act, that 8 shillings is above the legal fee for that service. It can, therefore, appear to them in no other light than that of an extorsive taking; and we cannot say, under the act referred to, that there is not enough of substance to enable us to pronounce the offense charged to be that of extortion. As to the other exception, it is not necessary to state what is the lawful fee, even in an indictment preferred originally in this Court. If no fee was due, the indictment says, "Whereas no fee whatever was due to the said A on that account." If not so much is due, the indictment states, "Whereas no such fee was due to the said A on that account, or for that service." And this has always, in times of the greatest strictness, been held well.
But the attorney for the defendant pressing to have time to search for authorities, and this being consented to by the Solicitor-General, the case was adjourned.
Cited: S. v. Moses, 13 N.C. 464; S. v. Dickens, 26 N.C. 121; S. v.Boyett, 32 N.C. 345; S. v. McBrayer, 98 N.C. 623, 628; S. v. Williams,106 N.C. 649; S. v. Pritchard, 107 N.C. 929, 930; S. v. Kittelle,110 N.C. 567, 587; S. v. Downs, 116 N.C. 1066; S. v. McLean, 121 N.C. 601;S. v. R. R., 122 N.C. 1062; S. v. Simmons, 143 N.C. 616.